CHARLES BELLOM and Another, Plaintiffs, *v.* ALBERT SCHINDLER, Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, September 20, 1927.

Municipal Court of City of New York — warrant of seizure — return allowed to be filed nunc pro tunc — ground for seizure that automobile was not stored at place specified is not sufficient since specified place had no existence.

The return to a warrant of seizure in this action in the Municipal Court of the City of New York based on a chattel mortgage may be filed *nunc pro tunc* as of the proper date.

The warrant of seizure, however, was improperly issued, since it appears that the basis for the warrant was the alleged fact that the automobile covered by the mortgage was not stored at the place specified therein and the affidavits show that the garage specified never existed at the address given.

APPLICATION to vacate warrant of seizure.

*Nathan Rosenberg,* for the plaintiffs.

*Reuben B. Shemitz,* for the defendant.

PANKEN, J. This is an application to vacate a warrant of seizure issued out of this court. The defendant urges three grounds upon which his application should be granted. *First,* that the return was filed too late; that as a matter of fact it should have been filed on the sixth of September with the clerk of this court, and was filed on the seventh. *Second,* that the mortgage, the basis of the action in which the warrant of seizure was issued, runs to Bellom & Stein, 502 Southern Boulevard, Bronx, a corporation duly organized and existing under the laws of the State of New York, while the action is in the name of two individuals. Nothing in the affidavit in support of the application for a warrant of seizure disclosed the relationship of the plaintiffs to the defendant, or their interests in the mortgage. Further, on the ground that the mortgage had been assigned to the Tawas Co., Inc., and there is no allegation of any assignment on the part of the Tawas Co., Inc., either to the plaintiffs herein or to the mortgagee.

The perusal of the affidavit in support of the application for the warrant of seizure discloses that the ground upon which the warrant of seizure was asked for is that the property had not been stored at 1883 Bryant avenue, borough of The Bronx, city of New York. It appears by the affidavit in support of the application before me that there was no garage at the above address, and that the provision of the mortgage was a perfunctory one, which is not denied.

In determining the rights of parties in a litigation, the spirit of a contract must be considered. Where a condition is impossible of performance, it would be unfair to attempt to exact its performance. A very great bard has written a very cogent play about that.

The court has the power to allow the plaintiff to file its summons and make its return *nunc pro tunc* as of the sixth of September. That is allowed to the plaintiffs. The court also has the power to permit the plaintiffs to meet another objection to the sufficiency of the papers, and that is the sufficiency of the bond. By proper application that would be allowed.

The court does not deem the ground upon which the warrant of seizure was asked for and allowed, sufficient, since by affidavit

it appears that there was no garage at 1883 Bryant avenue, The Bronx, where this car could be garaged. The court does not deem itself in a position to allow the amendment to the affidavit setting forth the error which is claimed in the mortgage.

The warrant of seizure is vacated.